# Dominy v. Dowling-Martin Grocery Co.

### Assumpsit.

(Decided November 30, 1916. 73 South. 381.)

Appeal anad Error; Review; Prejudicial Error.—Where the action was on a note and a merchandise account, and the rate of interest was in dispute, the intention of the parties was material, and the record not indicating that the data on which plaintiff's calculations were based were before the court, the exclusion of the testimony of the president of the corporation on the cross, as to how he had calculated interest was prejudicial error; and this is true although, where the data are all clearly before the jury, the mere calculation of interest may be made by it, and the exclusion of the calculation of a witness cannot be prejudicial.

APPEAL from Dale Circuit Court.

Heard before Hon. M. SOLLIE.

Assumpsit by the Dowling-Martin Grocery Company against R. E. Dominy.   Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals.

H. L. MARTIN, for appellant.   J. E. ACKER, for appellee.

SOMERVILLE, J.—The action is on a promissory note and a merchandise account, and the defenses are that usury was charged on both the note and the account, and that there are errors and overcharges in the account.

In the statement of the account three items of interest are charged: $27.96 on December 6, 1911; $15 on January 4, 1912; and $15.72 on September 18, 1912.   The witness Dowling, president of the plaintiff corporation, testified that these items of interest were "calculated on average balances;" i. e., "we took the balances for each month and added them up and divided it by the number of months."   Plaintiff's testimony tended to show that the rate of interest was not agreed on, and that the sums stated resulted from calculations at 8 per cent.   Defendant's testimony was that the rate agreed on was 10 per cent.   After the evening adjournment there was a conference over night between the parties and counsel to examine the account and explain these interest charges.   Next morning, on the cross-examination of Dowling, he stated that he had not been able to locate where he got these three items of interest.   On plaintiff's motion this testimony was excluded.   Defendant then asked the witness a series of questions, whether in investigating the night before he calculated interest at 8 per cent., and whether his calculation then made did not show that the item of $15.72 should in fact be $9.42, or $10.29.   These questions were excluded on plaintiff's objection.

It is of course true, as argued by counsel for appellee, that, where the data are all clearly before the jury, the mere calculation of interest may as well be made by them as by a witness, and hence that the exclusion of the witness' calculation cannot be prejudicial.   In this case, however, the questions were propounded on the cross-examination of plaintiff's alter ego; they were in direct rebuttal of his testimony in chief; the rate of interest was in dispute, and the intention of the parties was material; and, moreover, the record does not indicate that either

the monthly balances or the average „balance of the account, on which plaintiff's calculations were claimed to be based, were before the court.

Under these circumstances we can entertain no doubt of the erroneous and prejudicial character of the rulings of the trial judge, and, pretermitting as unnecessary the consideration of other questions, the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.