(76 South. 977)

DOMINEY v. DOWLING–MARTIN GROCERY CO. (4 Div. 747.)

(Supreme Court of Alabama. July 2, 1917. Rehearing Denied Nov. 29, 1917.)

1. APPEAL AND ERROR ☞1050(1)—HARMLESS ERROR—OPINION EVIDENCE—MEMORANDUM OF ACCOUNTS.

In an action involving a book account, wherein a witness used a memorandum of items taken from plaintiff's book, which was in evidence, the witness not claiming to have any knowledge of the original entry of such items, the evidence of the witness was not prejudicial, being in the nature of expert opinion evidence, both as to pointing out of relevant items, and calculating interest as to the entries which were before the jury.

2. USURY ☞12 — INTENTION — GRATUITOUS ADDITION TO ACCOUNT—RECOVERY.

To constitute usury there must be an intention to contract for and take interest at a higher rate than the statute allows, and where, without such an agreement, usurious interest is gratuitously added to an account, interest at the lawful rate is allowed, and the account must be stated accordingly.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Usury.]

3. USURY ☞119 — CONTRACT FOR USURIOUS RATE OF INTEREST—QUESTION FOR JURY.

In an action where defense was usury, and there were overcharges on the interest, evidence *held* to make the question of intent to contract for a usurious rate of interest one for the jury.

4. EVIDENCE ☞471(34)—OPINION EVIDENCE.

Where the defense was that an account and note were usurious, testimony that defendant owed more interest at 8 per cent. than the note called for was admissible as a statement of fact, the defendant having the right by cross-examination for details if he wished a more particular statement.

5. WITNESSES ☞286(6)—REDIRECT EXAMINATION—COLLATERAL FACTS.

On the defense of usury, defendant testifying that he ordered goods at certain prices and they were billed out at increased prices, it was proper to allow plaintiff's witness to testify on redirect examination that he had compared the order book with the bills and they were the same, although he remembered nothing of the contents of either; the proof of such incidental, collateral, collective fact not being the proof of the contents of the book or bills.

6. WITNESSES ☞393(2) — IMPEACHMENT — STENOGRAPHIC NOTES OF FORMER TRIAL.

Transcribed notes of testimony on a former trial, properly certified and identified by the stenographer, testifying as a witness, may properly be introduced to impeach a witness.

7. WITNESSES ☞383—IMPEACHMENT—TESTIMONY ON FORMER TRIAL—ISSUES.

There was no error in excluding proof of testimony on a former trial, denied on a subsequent trial, where such matter was not relevant to issues in the subsequent trial.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Action by the Dowling-Martin Grocery Company against R. E. Dominey. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

See, also, 197 Ala. 685, 73 South. 381.

H. L. Martin, of Ozark, for appellant. J. E. Acker, of Ozark, for appellee.

SAYRE, J. Appellee sued appellant on a promissory note and on account for the price of goods, wares, and merchandise sold by the former to the latter. The first 20 assignments of error raise substantially the same question, viz.: Plaintiff's witness Dowling was being interrogated as to the balances due from defendant at the close of the several months during which the account was running, and on which it had been agreed that defendant should pay interest, and in making his answers consulted a memorandum which he testified he had correctly transcribed from plaintiff's books on the Tuesday night before the trial. Defendant objected to the use of the memorandum on the ground that it had not been made at or about the time of the transactions inquired about. The court thereupon instructed the witness to get his book, which he did, and then, consulting both the book and his memorandum, over defendant's objection and exception, the witness testified to the several balances inquired about and the interest charges on the same. To the testimony in respect of the amount of interest due on each of these monthly balances defendant objected on the ground that it was the business of the jury to calculate interest.

[1] The memorandum was in use, not to refresh the recollection of the witness as to the transactions shown by plaintiff's book of entry—as to them it had not appeared, nor did it appear at the time of the objection, that the witness had ever had any personal knowledge—but as a mere reproduction, or possibly as a summary, of figures shown by the book. We understand the bill of exceptions to say that the book itself was in evidence. The examination, then, of the witness in the manner already indicated amounted to nothing more than having the witness to point out the relevant and ma-

terial entries or footings shown by the books in order to help the jury to an understanding thereof, or perhaps it amounted only to a needless repetition by the witness of figures already before the jury. In neither event do we think the action of the court in overruling defendant's objections should be held for reversible error. If, as appellant argues, the figures shown by the memorandum may not have agreed with the footings shown by the book, appellant had a clear right to an inspection of the memorandum and to the use of it in evidence as tending to impeach the witness. As for the witness being allowed to calculate and state the interest to the jury, we see no compelling reason why this should not have been allowed. If the computation was incorrect, a ready remedy was at hand, and, in any case, the testimony was in the nature of expert opinion evidence, and it was for the jury in the end to make the calculation, if necessary to a determination of the question at issue, viz. usury vel non. Insurance Co. v. Amsbaugh, 8 Kan. App. 197, 55 Pac. 481.

[2-4] Defendant pleaded usury in the note and the account sued on. Ordinarily the rule is that to constitute usury there must be an intention to contract for and take interest at a higher rate than the statute allows. Van Beil v. Fordney, 79 Ala. 76. Where, without an agreement for usury, usurious interest is gratuitously added to an account, interest at the lawful rate is allowed, and the account must be stated accordingly. Zadek v. Burnett, 176 Ala. 80, 57 South. 447. Plaintiff (appellee) contended that there had been no agreement for usury; defendant contended that the agreement had been for interest at 10 per cent. per annum. The evidence on this point was in conflict, and the question was one for the jury. It was competent for the witness Dowling, plaintiff's alter ego, as we said on a former appeal (73 South. 381[1]), to testify to the amount of interest plaintiff had charged defendant; that defendant owed plaintiff more interest at 8 per cent. than defendant had paid, and more than he had given his note for. These were the statements of collective facts, and were admissible under the rules of evidence. If the adverse party wished a more particular statement of the facts of the details, it was open to him to obtain this by cross-examination. Richards v. Herald Shoe Co., 145 Ala. 657, 39 South. 615.

Some of the interest charges appearing on plaintiff's book of entry indicated charges of interest slightly in excess of 8 per cent. These excess interest charges were of such nature as perhaps to indicate errors in calculation; at least they did not show charges at 10 per cent., and in no event can they be said to prove incontestibly that there was an agreement between the parties for the payment of usury. The question of usury, on the evidence, was for the jury, as we have said, and for this reason error cannot be predicated of the court's ruling against the motion for a new trial made on the ground that these overcharges established a usurious contract. Assuming, then, that the jury found with the plaintiff on this point, the items of excess were properly disposable according to the rule hereinabove announced, and we must presume they were so disposed of by the jury.

[5] The line of inquiry pursued by defendant on his cross-examination of the witness Dowling indicated that defendant would contend that, while he had purchased goods at certain prices, defendant had charged and billed them out to him at increased prices, and so defendant testified in his turn on the witness stand. In this posture of the case there was no error in allowing Dowling on redirect examination to testify that he had compared plaintiff's order book with the bills and that they compared "all right." Proof of the fact that the witness had found no difference between the book and the bills was proof, not of the contents of either the book or the bills, but of the incidental, collateral, collective fact that the witness on comparing them had found no difference—a fact to which the witness might have testified, though he remembered nothing of the contents of either.

[6, 7] Defendant offered to impeach the witness Dowling by introducing the transcribed stenographic notes which had been taken by the official stenographer on a former trial. These notes were identified by the stenographer, testifying as a witness, and were certified as required by law. Acts 1909, p. 266, § 7. There was no tenable objection to these notes as evidence of what occurred on the first trial. Jones v. State, 174 Ala. 85, 57 South. 36. They were, however, excluded without error, for the reason that the part offered in evidence did not establish nor tend to establish a contradiction of anything sworn by the witness on the last trial. The denial by the witness that he had sworn thus and so at the first trial, though contradicted by the notes, was immaterial as matter of impeachment in the absence of testimony by the witness on the last trial in respect to facts directly involved in the issue between the parties, and in conflict with the testimony as to such facts given by him at the first trial. Here there was no such conflict.

What has been said will suffice to dispose of all the assignments of error.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

[1] 197 Ala. 685.