(93 South. 644)

## ALABAMA GREAT SOUTHERN R. CO. v. MOLETTE. (6 Div. 626.)

(Supreme Court of Alabama. April 27, 1922. Rehearing Denied June 1, 1922.)

**1. Pleading ⊚�イ8(17)—Plea of contributory negligence held bad as a mere conclusion.**

In an action against a railroad company for injuries to a driver of a motor truck, a plea of contributory negligence that plaintiff heedlessly and thoughtlessly drove on the track was bad as a mere conclusion without sufficient supporting facts.

**2. Railroads ⊚⟼344(10)—Pleas of contributory negligence held bad for avoiding word "negligently."**

A plea alleging in the alternative that plaintiff, being aware of his danger, heedlessly, thoughtlessly, or recklessly remained on the track in front of an approaching train, is bad for avoiding the word "negligently."

**3. Negligence ⊚⟼72—Test of contributory negligence stated.**

Where a person puts himself in a position of danger, the test as to whether he is negligent in remaining in a position of danger depends on whether, under all the circumstances, and in view of the sudden danger, the person acted as a reasonably prudent person would have acted.

**4. Trial ⊚⟼240—Charge equivalent to a mere argument properly refused.**

A charge which was a mere argument was properly refused.

**5. Trial ⊚⟼253(9)—Refusal of charges ignoring evidence held proper.**

In an action by a person injured in a collision against a railroad company for damages, charges ignoring evidence going to sustain a charge of negligence on the part of defendant after becoming aware of plaintiff's danger were properly refused.

**6. Railroads ⊚⟼347(8)—Admission of evidence to show no flagman was kept at crossing not error.**

In an action against a railroad company for injuries at a street crossing, permitting plaintiff to show that no flagman was kept at a crossing was not error.

**7. Witnesses ⊚⟼77—Evidence properly admitted to show familiarity of witness with locus in quo.**

In an action by person injured at railroad crossing against a railroad company, testimony by a witness that he had been crossing the railroad in the place where the accident occurred and had seen other people cross it for eight years was competent to show the witness' familiarity with the place of which he was speaking.

**8. Railroads ⊚⟼347(10)—Ordinance regulating speed of trains held admissible.**

In an action against a railroad company for injuries at a crossing, an ordinance regulating speed of trains was properly admitted in evidence.

**9. Railroads ⊚⟼347(11)—Ordinance regulating speed of automobile properly excluded on issue of contributory negligence.**

In an action by a driver of an automobile struck by a train at a crossing, defended on the ground of contributory negligence, evidence of ordinances regulating the speed of automobiles was properly excluded.

**10. Railroads ⊚⟼347(3)—Admission of evidence of frequency of use of crossing not error.**

Where plaintiff was injured on a crossing about 1 o'clock p. m., it was not reversible error to allow a witness to state in a general way the frequent use of the crossing by the public and that its use was most frequent about midday.

**11. Railroads ⊚⟼347(10)—Evidence of injuries to truck at crossing held relevant.**

Evidence as to the nature and extent of injuries to a truck struck by a train at a crossing was relevant as showing the speed of the train.

**12. Railroads ⊚⟼347(11)—Evidence of height of fill for track held admissible.**

Testimony as to the height of a fill on which the railroad track approached the crossing on which plaintiff was injured was admissible as descriptive of the locus in quo and as tending to shed light on his testimony that he looked without seeing the approaching train.

**13. Evidence ⊚⟼492—Testimony as to speed of trains may be given by any one familiar therewith.**

Any one who has frequently observed the operation of railroad trains may give an opinion as to whether a train under observation at a particular time was moving at a fast or slow rate of speed.

**14. Evidence ⊚⟼477(2)—Admission of nonexpert testimony as to physical condition of plaintiff after injury held proper.**

In an action for personal injuries, the admission of testimony of nonexpert witnesses that plaintiff was not as stout or heavy as before the accident, that he did not move as quickly, and that he complained of severe headaches, was proper.

---

⊚⟼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**15. Railroads ⊚═347(7)—Evidence of condition of track at crossing held relevant.**

Plaintiff's testimony that a rail of the track over which he was crossing was sticking up was relevant as showing the condition of the track and supporting his contention that his truck stopped dead on the track.

**16. Railroads ⊚═347(3)—Admission of evidence of train schedule not error.**

In an action for injuries at a street crossing, there was no reversible error in admitting evidence of the time when, according to schedule, the train was due in the town.

**17. Railroads ⊚═350(16, 31)—Negligence of automobile truck driver held for jury.**

In an action for injuries to the driver of a motor truck struck by a train at a crossing, *held*, that the questions whether he went upon the track without looking or listening, and whether he was negligent in remaining on the track after his machine went dead, were for the jury.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action for damages by Albert Molette against the Alabama Great Southern Railroad Company. From a judgment for the plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The following charges were refused to defendant:

(61) If you believe from the evidence that the plaintiff negligently placed himself on the track in close proximity to a rapidly approaching train, and that he thereafter lost his presence of mind and heedlessly, thoughtlessly, or through forgetfulness neglected to extricate himself when he might have done so by the exercise of due care, and that this was the sole cause of the injury complained of, then your verdict must be for the defendant.

(62) If you believe from all the evidence in this case that the plaintiff negligently placed himself on the track of the defendant in close proximity to a rapidly approaching train, and that he thereafter lost his presence of mind and heedlessly, thoughtlessly, or through forgetfulness neglected to extricate himself when he might have done so by the exercise of due care, and that this action on the part of the plaintiff proximately contributed to the injury complained of, then your verdict must be for the defendant.

(69) If you believe from the evidence in this case that the plaintiff was driving an automobile truck shortly before the accident, and that he got excited and negligently choked the engine on said track in close proximity to a rapidly approaching train, and that his said conduct was the cause of the collision and injury complained of, your verdict must be for the defendant.

D. I charge you that the laws of the state of Alabama do not require this defendant to approach a crossing on a straight track at a street crossing so as not to inflict injury to a person who is on its said railroad, who has failed to stop, look, and listen before going on such track.

GG. Before you can find for the plaintiff in this case, you must be reasonably satisfied from the evidence: First, that the engineer, Fleming, became aware of the danger of the plaintiff being struck by an engine; second, that thereafter the engineer failed to use the means he had at hand on the engine to prevent injuring plaintiff, or that he used the means at hand negligently; and, third, that such failure on the engineer's part or such negligent use of the means at hand was either consciously done by him, or negligently done by him after knowledge of plaintiff's peril.

HH. Unless you are reasonably satisfied from the evidence that the engineer, Fleming, became actually aware of the danger of the plaintiff being struck by the engine, and should have known by the exercise of due care on his part that the plaintiff was unaware of the approach of the engine, and that thereafter the engineer consciously omitted to do something that he ought to have done to prevent striking the plaintiff, or consciously did something he ought not to have done in that regard, you cannot find for the plaintiff under the third count of the complaint.

II. Unless you are reasonably satisfied from the evidence that the fireman, Allen, became actually aware of the danger of the plaintiff being struck by the engine, and should have known by the exercise of due care on his part that the plaintiff was unaware of the approach of the engine, and that thereafter the fireman consciously omitted to do something that he ought to have done to prevent striking the plaintiff, or consciously did something he ought not to have done in that regard, you cannot find for the plaintiff under the third counts of the complaint.

(45) The court charges the jury that if any individual member of the jury is reasonably satisfied from the evidence that the plaintiff was guilty of contributory negligence as alleged, which proximately contributed to the injury and damage complained of, then there can be no recovery in this case under those counts of the complaint which seek a recovery for the alleged simple negligence of this defendant, or its servants, agents, or employees.

Smith, Wilkinson & Smith, of Birmingham, for appellant.

The law exacts the highest degree of diligence from one who negligently places himself in a position of peril, and excitement or loss of presence of mind under such circumstances does not excuse him for failing to exercise this diligence. 6 Ala. App. 448, 60 South. 475; 114 Ala. 243, 21 South. 440. Where there was an intervening cause of injury, there could be no recovery on a remote cause thereof. 204 Ala. 227, 85 South. 511; 204 Ala. 592, 87 South. 88.

Huey & Welch and Goodwyn & Ross, all of Bessemer, for appellee.

A recovery can be had for subsequent simple negligence on a simple negligence count.

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

207 ALA.—40

172 Ala. 597, 55 South. 812; 192 Ala. 434, 68 South. 313; 197 Ala. 71, 72 South. 366; 204 Ala. 227, 85 South. 511; 204 Ala. 592, 87 South. 88. If a person drives on a railroad crossing in an automobile without stopping, looking, and listening, and becoming confused, is struck by a train, he can recover. 17 Ala. App. 96, 82 South. 36; 205 Ala. 83, 87 South. 837.

SAYRE, J. [1] There was no error in sustaining the demurrer to defendant's plea of contributory negligence numbered 11. The plea is defective in its statement of the facts. The allegation that plaintiff was laughing and talking with two negro women on his truck is an allegation of evidential fact, not the legal equivalent of an allegation that plaintiff drove upon the track without looking and listening as due care required that he should do. The gist of the plea is that plaintiff heedlessly or thoughtlessly drove upon the track. This was the allegation of a mere conclusion without sufficient supporting facts, and for this deficiency the plea was properly held bad. It was open to criticism in other respects also, perhaps, but many of the grounds of demurrer were merely general, and it is doubted that any other objection to the plea was well taken.

[2, 3] Pleas 12 and 13 were insufficient also. They allege in the alternative that plaintiff, being aware of his danger, heedlessly, thoughtlessly, or recklessly remained on the track in front of an approaching train. The argument and the authorities cited lead to the inference that the pleader avoided the word "negligently" because of the accepted definition of negligence as the omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do. It appears to be the contention of appellant that, because plaintiff in the first place put himself negligently in a position of peril, it was incumbent on him to exercise a very high degree of care to extricate himself, and no allowance was to be made for the confusion and lack of efficiency which the suddenness of his peril may have induced. In other words, to measure the defense by one of its aspects, plaintiff could not recover, though defendant saw his peril in time to have prevented it, if he failed to take such steps as reflection would have dictated. But in such cases the test is whether under all the circumstances, and in view of the sudden danger, the person injured acted as a reasonably prudent person would have acted, and this rule appears to have been applied in cases involving secondary contributory negligence. Norwood Transportation Co. v. Bickell (Ala. Sup.) 92 South. 464;[1] Cook v. Central Railroad Co., 67 Ala. 533; 10 Mich. Dig. p. 569.

[1] Ante, p. 232.

[4, 5] Under the foregoing proposition the brief groups a number of charges refused to defendant, which may as well be noticed at this point. Charge 41 was a mere argument and properly refused for that reason, if no other. Other charges in this group, charges 61, 62, 69, and D, were all properly refused because they ignored the doctrine stated in our consideration of pleas 12 and 13, or they ignored that tendency of the evidence going to sustain the charge of negligence on the part of defendant after becoming aware of plaintiff's danger.

[6] There was no error in allowing plaintiff to show that defendant kept no flagman at the street crossing at which plaintiff was injured and that there was no flagman there at the time. It is not perceived how this testimony could have prejudiced the defense, for it excluded the idea that plaintiff may have relied upon a flagman for any warning of danger.

[7] The testimony of the witness Phelps that he had been crossing defendant's railroad in automobiles and had seen other people going over it with automobiles, wagons, buggies, and trucks for eight years, served to show the witness' familiarity with the locus in quo of which he was speaking, and was competent for that purpose.

[8, 9] The ordinance of the city of Bessemer, in effect at the time and place of the accident, regulating the speed of railroad trains, was properly admitted. On the other hand, ordinances regulating the speed of automobiles were properly excluded. The element of speed in the conditions shown reflected upon the question of defendant's negligence in approaching the crossing where plaintiff was injured, but shed no light upon plaintiff's alleged contributory negligence. As to plaintiff's conduct, the question was whether he in fact went upon the railroad without exercising due care—an inquiry possibly affected by speed, but not by the ordinance—and whether, after his truck stopped upon the track, he exercised due diligence to avoid the danger.

[10] Witness Phelps was allowed to state in a general way the frequent use of the crossing by the public, and that its use was most frequent about midday; plaintiff having been injured about 1 o'clock p. m. This was not error to reverse. The witness was subject to cross-examination, if his general statement was unsatisfactory to defendant.

[11] It was relevant to show the nature and extent of the injuries to the truck as tending to disclose how and with what degree of force, and so with what speed, defendant's train was driven against the truck; speed being an element of the negligence charged to defendant.

[12] We see no detriment to the interest of defendant in the court's admission of testimony showing the height of the fill on which was defendant's track approaching the place

of the accident. In a broad sense this testimony was descriptive of the locus in quo, and tended to shed light upon the statement made by plaintiff as a witness that he looked without seeing the approaching train.

[13] Any one who has frequently observed the operation of railroad trains may give an opinion as to whether a train under observation at a particular time was moving at a fast or slow rate of speed. Such testimony may not be worth much, but it is subject to the test of cross-examination and its value is a matter of jury decision.

Assignments of error numbered 34 to 36, both inclusive, relate to an effort to impeach the testimony of plaintiff's witness Lewis Brown by showing contradictory statements made by him as a witness on the trial of the cause in which the owner of the truck sought damages. It is only necessary to say that no predicate was laid for this proposed impeachment. Weaver v. Traylor, 5 Ala. 566; 12 Mich. Dig. subc. Witnesses, §§ 284, 296. Nothing to the contrary was said in Dominey v. Dowling-Martin Grocery Co., 200 Ala. 619, 76 South. 977, cited by appellant. There the question was as to the proof of the authenticity of the stenographer's notes. Assignments of error 72 to 78 were not argued on the original submission. In our reference to these last-named assignments in our original opinion we inadvertently fell into error. In their brief on the original submission in this cause counsel for appellant argued the assignments numbered 34–36.

[14] The court admitted the testimony of witnesses to the effect that plaintiff was not as stout or heavy as before the accident, that he did not move as quickly, that he complained of severe headaches. It is objected that such testimony should come from medical experts; but we think no expert knowledge was necessary to the competency of the witnesses in the respect here at issue.

[15] Plaintiff was permitted to show that the rail of the track over which he was crossing was "sticking up." This was clearly relevant and material as showing one element of the situation at the time and giving versimilitude to plaintiff's contention that his truck stopped dead on the track. That certainly had something to do with plaintiff's injury.

[16] There was no reversible error in admitting evidence of the time when, according to schedule, the train was due in Bessemer.

Appellant says that charges GG, HH, and II, refused to it, are copies of charges pronounced good in Porter v. L. & N. R. Co., 202 Ala. 139, 79 South. 605. The cases are different. Plaintiff here had a right to cross the track; the deceased in Porter v. L. & N. R. Co. was a trespasser, for that he was walking along the track. In that case, also, the apparent unawareness of deceased of the train's approach was of decisive importance, for a step would have taken him to safety,

and the engineer might presume he would take that step if he knew his danger; whereas, here plaintiff was trying to get his truck off the track, and if defendant's engineer discovered that by reason of his efforts plaintiff was in danger, it was the engineer's duty to so govern himself and his engine as to meet, if possible, the emergency so presented, even though it may have been apparent that plaintiff was aware of the approach of the train. These charges, therefore, were well refused.

[17] Appellant contends that it was entitled to the general affirmative charge as to the count based on wantonness. On the evidence it cannot be said that the jury may not have found wantonness. But the insistence is that since the record does not show rulings against the sufficiency of a number of the special pleas of contributory negligence as answers to the wanton count, which pleas were challenged by demurrer, and since "several of these pleas were proven without dispute," defendant was entitled to the charge. Appellant catalogues pleas 2, 3, 4, 6, 8, 9, 10, 15, 16, and 17 in its proposition XVI, and we presume the reference in argument is to several of the pleas so catalogued. The record should show the court's rulings on these pleas as answers to the count charging wantonness, and in brief the reference to the "several pleas" appellant has in mind should be more definite. However, we have examined all pleas in the catalogue and do not find that any one of them, fairly interpreted, was proved without dispute. Stating results with reference to the salient points of those pleas: It was not proved without dispute that plaintiff went upon defendant's track without stopping, looking, or listening, or that plaintiff knew a train was approaching; nor was it without dispute in the evidence that plaintiff "negligently" failed to move off the track or so failed to make any effort to extricate himself from the perilous situation in which he was; nor did it appear that plaintiff intentionally remained on the track. All these were, under the evidence, questions for the jury; and the charge in question, even upon the assumption indulged, i. e., that these pleas were in issue, was properly refused.

Quite a number of charges, refused to defendant, are grouped under a discussion which advances the theory—as we understand the brief—that as matter of law plaintiff was guilty of negligence in failing to extricate himself from the known peril of the approaching train, and that this negligence constituted an efficient intervening and sole proximate cause of plaintiff's injury, barring his right to recover. This contention, harking back to the discussion, supra, of the demurrers to pleas 12 and 13, treats plaintiff's failure to escape as the sole cause of his misfortune and relegates all negligence on the part of defendant or its agents to the limbo of remote causes. That the jury might have reached this conclusion cannot be denied, for

they might have found that plaintiff was negligent in going upon the track, and it seems very probable that plaintiff might have escaped had he quit his truck promptly on seeing the approach of the train instead of trying to get his machine away. But there were questions for the jury, as was the question whether, in the circumstances, plaintiff, after his machine "choked down" or "went dead" on the track, acted as a reasonably prudent man, and, further, whether defendant's engineer observed what plaintiff was about and the improbability of his escape in time to have taken measures of his own which might have given plaintiff an opportunity to escape notwithstanding his efforts to save the truck or to save himself by getting the truck off the track. Allen v. Schultz, 107 Wash. 393, 181 Pac. 916, 6 A. L. R. 676, to which appellant refers, was a very different case. In the editorial note, however, cases are cited which support the ruling here. There is, of course, a limit to the indulgence to be extended to persons who, even without original fault on their part, linger in a place of danger to save property with the momentary expectation of success. Plaintiff's first consideration should have been his own life; but, to use the language—somewhat more elaborate than our own heretofore—of Dickinson v. Erie Railroad Co., 81 N. J. Law. 464, 81 Atl. 104, 37 L. R. A. (N. S.) 150, quoted in the note to Allen v. Schultz, supra:

"Where a traveler, without any fault on his part, is placed in a position of imminent peril at a crossing, the law will not hold him guilty of such negligence as to defeat his recovery if he does not select the very wisest course, and an honest mistake of judgment in such a sudden emergency will not of itself constitute contributory negligence, although another course might have been better and safer. * * * All that is required of a person in such an emergency is that he act with ordinary care under the circumstances, it being for the jury to determine whether such an emergency existed, and whether the traveler acted with due care."

See Norwood Transportation Co. v. Bickell, supra.

Charge 45, refused to appellant, laid too much stress on the individual judgment of jurors, tended to discourage consultation, and was refused without error.

We cannot say that the verdict was so palpably wrong that error should be affirmed of the trial court's refusal to grant the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

Finding no reversible error, the judgment is

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.