(101 So. 824)

## Ex parte CENTRAL IRON & COAL CO.

## CENTRAL IRON & COAL CO. v. WRIGHT.

### (6 Div. 244.)

(Supreme Court of Alabama. Oct. 16, 1924. Rehearing Denied Nov. 20, 1924.)

1. **False imprisonment ⬤�top⟩15(3)—Count charging corporate action requires evidence of authorization or ratification of agent's act.**

Where count for false imprisonment charged direct corporate action, defendant was entitled to general affirmative charge, in absence of evidence of direct corporate authorization or ratification of agent's act.

2. **False imprisonment ⬤⟩15(3) — Arrest by agent held not direct corporate act; "vice principal."**

Where defendant's agent, who arrested plaintiff without a warrant and imprisoned him while he (the agent) was engaged in his regular duties for defendant company, possessed no managerial authority, he was not a vice principal and his act was not that of corporation, within count charging direct corporate action (citing Words and Phrases, Second Series, "Vice Principal").

3. **Corporations ⬤⟩432(12)—Evidence held to authorize inference corporation ratified act of its agent in arresting and imprisoning plaintiff.**

Evidence that, after agent of defendant corporation had plaintiff arrested and imprisoned, defendant's regular attorney appeared and prosecuted plaintiff, *held* to authorize inference that defendant ratified act of defendant's agent so as to support count charging direct corporate action.

Certiorari to Court of Appeals.

Petition of the Central Iron & Coal Company for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Central Iron & Coal Co. v. Wright, 20 Ala. App. 82, 101 So. 815. Writ denied.

Jones, Jones & Van de Graaff and A. Van de Graaff, all of Tuscaloosa, for petitioner.

The affirmative charge as to count 3 should have been given. City Del. Co. v. Henry, 139

Ala. 161, 34 So. 389; C. of G. v. Carlock, 196 Ala. 659, 72 So. 261; Sou. Bell v. Francis, 109 Ala. 239, 19 So. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; L. & N. v. Abernathy, 197 512, 73 So. 103; Sou. Ry. v. Hanby, 166 Ala. 641, 52 So. 334; Ex parte L. & N., 203 Ala. 328, 83 So. 52; L. & N. v. Lacey, 17 Ala. App. 146, 82 So. 636; Crescent Motor Co. v. Stone, 208 Ala. 137, 94 So. 78; Staebler v. Warren-Ehret Co., 223 Pa. 129, 72 A. 554; Vant v. Roelofs, 217 Pa. 535, 66 A. 749; A. G. S. v. Vail, 142 Ala. 140, 38 So. 124, 110 Am. St. Rep. 23.

The giving of charge A for plaintiff was reversible error. Fowlkes v. Lewis, 10 Ala. App. 543, 65 So. 724; Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754; Tutwiler Co. v. Evans, 208 Ala. 252, 94 So. 120; Birmingham R. Co. v. Hunt, 200 Ala. 560, 76 So. 918. There was error in rulings on evidence. Thorn v. Henry, 204 Ala. 546, 86 So. 466; Gulsby v. L. & N., 167 Ala. 122, 52 So. 392; Fowlkes v. Lewis, supra; Jordan v. A. G. S., 81 Ala. 220, 8 So. 191, L. R. A. 1915D, 1, note; Hill v. State, 210 Ala. 221, 97 So. 639. Defendant was due the affirmative charge as to count 3. City Del. Co. v. Henry, 139 Ala. 161, 34 So. 389; Newberry v. Atkinson, 184 Ala. 567, 64 So. 46; L. & N. v. Bartee, 204 Ala. 539, 86 So. 394, 12 A. L. R. 251; Chase Nursery Co. v. Bennett, 205 Ala. 202, 87 So. 610; Warwick v. Mobile County, 17 Ala. App. 206, 84 So. 396; L. & N. v. Lacey, 17 Ala. App. 146, 82 So. 636; Ex parte L. & N., 203 Ala. 328, 83 So. 52; Davis v. Sanders, 133 Ala. 275, 32 So. 499; Sheppard v. Furniss, 19 Ala. 760; Ragsdale v. Bowles, 16 Ala. 62; Woodall v. McMillan, 38 Ala. 622; Williams v. Ivey, 37 Ala. 242; Rhodes v. McWilson, 192 Ala. 675, 69 So. 69; Fuqua v. Gambill, 140 Ala. 464, 37 So. 235; Rich v. McInerny, 103 Ala. 345, 15 So. 663, 49 Am. St. Rep. 32; Strain v. Irwin, 195 Ala. 414, 70 So. 734; Murphy v. McAdory, 183 Ala. 209, 62 So. 706; Milner v. Milner, 101 Ala. 599, 14 So. 373. And as to count 2. Tutwiler Coal Co. v. Tuvin, 158 Ala. 657, 48 So. 79; Owens v. State, 74 Ala. 401; Wilson v. State, 87 Ala. 117, 6 So. 394; Cross v. State, 147 Ala. 125, 41 So. 875; Holland v. State, 139 Ala. 120, 35 So. 1009; Watson v. State, 63 Ala. 19; Shannon v. Simms, 146 Ala. 673, 40 So. 574; Shroder v. Brenneman, 23 Pa. 348; Coleman's Appeal, 62 Pa. 275; 38 Cyc. 1183; Code 1907, § 2827; 28 A. & E. Ency. 558; 2 Greenleaf on Evi. § 629. Defendant's motion for new trial should have been granted. Sou. Ry. v. Grady, 192 Ala. 515; Mutual L. I. Co. v. Mendelbaum, 207 Ala. 234, 92 So. 440.

Edward de Graffenried, of Tuscaloosa, opposed.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1] Unless the decision in City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389, be overruled, we must hold that the third count of the complaint here charges direct corporate action, and that, in the absence of evidence going to show direct corporate authorization or ratification of the act of its agent in arresting plaintiff, defendant was entitled to the general affirmative charge as to that count. There has been much dissatisfaction with that case, but its rule has been too long followed now to admit of the course hypothesized. Ex parte Louisville & Nashville R. Co. 203 Ala. 328, 83 So. 52, and cases there cited. The decision in Epperson v. First Nat. Bank, 209 Ala. 12, 95 So. 343, holds nothing to the contrary. The question there was whether the complaint stated a cause of action; defendant's (appellant's) contention being that, since every action for false imprisonment is in trespass, it is necessary in every such action against a corporation to allege that the corporation affirmatively, that is, by direct corporate action, authorized, or subsequently ratified, the wrongful act complained of. But that contention was denied, and in effect it was held that, since a corporation is answerable for the wrongs done by its agents in the line and scope of their authority, the complaint there stated a good cause of action. Underlying that decision was the concept that, in the absence of direct corporate authorization or ratification, the liability of a corporation for the wrongful act of its agent, done in the line and scope of his authority, is to be enforced by an action on the case—that the declaration there under consideration was in case, not trespass vi et armis, and this in no wise contravened City Delivery Co. v. Henry, supra, nor any case in consonance therewith.

[2] Nor can the result in question be justified on the ground that the agent of defendant who arrested and imprisoned plaintiff was at the time a vice principal or alter ego of the defendant corporation. As stated in the opinion of the Court of Appeals, the evidence was that plaintiff had been arrested by an agent of defendant without a warrant, and that at the time said agent was "engaged in regular duties for the company," meaning the defendant. As the Court of Appeals states the matter, the agent was acting in the line of his duty and was about his master's business; and thereupon the conclusion seems to have been attained that the arresting agent should be considered as the alter ego or vice principal of the defendant. But the facts stated fall far short of constituting the arresting agent the vice principal of the defendant as those terms may be properly used with reference to the subject-matter of discussion; there was, we may infer from the court's statement of facts, no general managerial authority conferred upon the agent; nor was he at the head of any department of defendant's business with managerial authority. He was nothing more than an employee; he was therefore not a

vice principal (4 Words and Phrases, Second Series, 1168 et seq.), and the conclusion that there was no errror in refusing defendant's requested general charge as against the third count of the complaint cannot be justified on that ground.

[3] However, the evidence went to show, as the Court of Appeals states, that after defendant's agent had arrested plaintiff he took plaintiff before a magistrate, swore out a warrant against him, and lodged him in jail. Thereafter the agent consulted with the "regular attorney" of defendant, who, we think, may be considered as defendant's vice principal in the legal department of its business—that is, as its attorney regularly employed to care for any legal business in which defendant might be interested—and the attorney thereafter appeared in court and prosecuted plaintiff before the court on the charge of trespass to property, the charge on which the agent had arrested him and the charge preferred against him in the warrant sworn out before the magistrate. From these facts the jury were authorized to infer a ratification of the act of the agent, and upon such ratification may have founded the conclusion of direct corporate action as alleged in the third count of the complaint. On this consideration we hold that the conclusion reached by the Court of Appeals as to the general charge on the third count was correct.

In other respects this court finds that the judgment and opinion of the Court of Appeals is free from error.

Application denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.