(103 So. 658)

**SOUTHERN RY. CO. v. BEATY.**
(8 Div. 634.)

(Supreme Court of Alabama.   March 19, 1925.
Rehearing Denied April 16, 1925.)

**1. False imprisonment ⬤⟹20(1)—Complaint held to sufficiently charge railway company as principal.**

In action against railway company for false imprisonment, allegation in complaint that "de-fendant by and through its agents or servants, to wit, * * * who were acting in line of duty or scope of their authority as such agents, imprisoned plaintiff without legal warrant," *held* to sufficiently charge principal, the railway, with legal responsibility for unlawful detention.

**2. Principal and agent ⬤⟹99—Agents' authority to do act in question may be implied from relation to principal or nature of employment.**

Where there is no express authority for agent to do the act in question, authority may be implied from his relation to the principal, the nature of his employment, and mode in which he is permitted to act or conduct the business.

**3. False imprisonment ⬤⟹15(3)—Railway policeman without implied authority to punish offenders.**

There is no implied authority, in special policeman employed by railway company charged with duty of protecting railway's property, to take such steps as he sees fit to punish a person who he supposes has done something with reference to property which he has not done.

**4. False imprisonment ⬤⟹31 — Evidence held to show railway agents arresting plaintiff were acting within scope of employment.**

In action against railway for false imprisonment of plaintiff through special police officers charged with duty of protecting railway's property, evidence that agents who arrested plaintiff reported to their superiors, who apparently acquiesced in their actions, and that release executed by plaintiff and delivered to such officers was in hands of railway, *held* to show that agents were acting within scope of their employment at time of arresting plaintiff.

**5. False imprisonment ⬤⟹22—Rule that agent acting as policeman and railway servant presumed to have acted in former capacity held inapplicable.**

The rule that, where agent may act in either of two capacities, as policeman for state or as servant for master, it will be presumed that he acted in former capacity, *held* inapplicable to agents charged with protection of railway property who were not shown to have been public officers.

**6. Appeal and error ⬤⟹499(3)—Record must show objections to evidence.**

Assignments based on admission of evidence alleged to be conclusion of witness are not reviewable, where record failed to show that objections were interposed to any questions covered by such assignments.

**7. Trial ⬤⟹191(11), 256(13)—Instruction as to damages to plaintiff for false imprisonment held not erroneous as assuming as fact that plaintiff suffered humiliation, and, if ambiguous, should have been met by request for explanatory charge.**

In action against railway for false imprisonment of plaintiff by its alleged agents, an instruction, authorizing recovery by plaintiff for such wrong which evidence proves he suf-

⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fered, and which he complained of in his complaint, which includes humiliation and shame and mental suffering, *held* not erroneous as assuming as fact that plaintiff suffered humiliation and shame, and, though ambiguous, could have been made clear by an explanatory charge had defendant requested it.

**8. False imprisonment ⚛═39—Railway's ratification of arrest by agents held properly submitted to jury.**

In action against railway for false imprisonment of plaintiff by its alleged agents, where evidence showed that such agents reported fact of plaintiff's arrest to superior officers who took no action, and as it must be presumed that such agents reported all material facts leading up to and accompanying arrest, *held*, that the issues of ratification vel non of plaintiff's arrest and authorization vel non of subsequent detention of plaintiff were properly submitted to jury.

**9. Appeal and error ⚛═1066—Refusal of abstract instruction not ground for reversal.**

Refusal of requested instruction, which would have been abstract only, is not ground for reversal.

**10. Principal and agent ⚛═189(4)—Recovery under principle of respondeat superior may be had for a ratified act.**

In actions to enforce liability under principle of respondeat superior, a recovery may be had for a ratified act as well as for one done within scope of employment, without specially declaring on former status.

**11. Trial ⚛═296(2)—Inapt instruction held not prejudicial, where not misleading when taken in connection with other instructions.**

In action against railway for false imprisonment of plaintiff through its alleged agents, an instruction as to when an act of agent is within course of employment, and stating that apparent authority is that which, though not actually granted, the principal knowingly permits agent to exercise, or which he holds him out as possessing, *held* not prejudicial to defendant, though reference to apparent authority was inapt, since, taken in connection with relevant portions of given charges, jury could not have been misled.

**12. Principal and agent ⚛═137(1)—Principal estopped from denying existence of agent's authority, where third person prejudiced by principal's conduct in permitting agent to exercise such authority.**

If a principal permits an agent to exercise particular authority, or holds him out as having such authority, it is some evidence, by way of admission, that he actually had it, and, if third person has been misled to his prejudice by principal's conduct, principal is estopped to deny existence of such authority.

**13. False imprisonment ⚛═40 — Instruction held not to permit recovery against railroad, though agents were not within scope of employment.**

In action against railway for false imprisonment of plaintiff through its agents, instruction, authorizing recovery if jury found that plaintiff's rights were invaded in a wanton manner by defendant's authorized agents, *held* not objectionable as permitting recovery even though such agents were not acting within scope of their employment, since word "authorized" imports such authority.

**14. Principal and agent ⚛═159(1)—Principal liable for malice of agent in committing tort if within scope of agent's employment.**

The intent of an agent in committing a tort is immaterial, and principal is liable for torts of agent prompted by wantonness, willfulness, or malice, as for other torts, if they are committed in course of agent's employment.

**15. False imprisonment ⚛═15(3)—Arrest by policeman under direction of railway's agents constitutes arrest by agents.**

In action against railway for false imprisonment of plaintiff through its agents, an instruction that an arrest by a policeman under such agents' direction would in law be an arrest made by such agent *held* proper.

**16. False imprisonment ⚛═20(3)—Proof of arrest by policeman under direction of defendant's agents not variance with complaint alleging imprisonment without warrant.**

In action against railway for false imprisonment of plaintiff through its agents, where complaint alleged that agents imprisoned plaintiff without a warrant, whether proof showed that plaintiff was arrested by agent personally, or by an officer under his direction, there could be no variance based on mode of arrest.

**17. Trial ⚛═253(1), 260(1), 261—Instruction ignoring issue and covered by given instructions held properly refused.**

An instruction which was vague and general, ignored issue in case, and was covered by given instructions, was properly refused.

**18. Trial ⚛═237(1) — Instructions requiring plaintiff to prove case by preponderance of evidence properly refused.**

Defendant's requested charge, which required plaintiff suing for false imprisonment to establish his case by preponderance of evidence, *held* properly refused as not stating a correct measure of proof, since proof need only be to reasonable satisfaction of jury.

**19. Trial ⚛═260(1)—Requested charges, covered by given charges, properly refused.**

Defendant's requested charges, covered by other charges given at defendant's request, *held* properly refused.

**20. Trial ⚛═337—Contention that verdict should be for defendant because of a certain instruction held without merit.**

In action against railway for false imprisonment of plaintiff through its alleged agents, defendant's contention that giving of charges that plaintiff could not recover if imprisonment was solely to satisfy private grievances of defendant's agents required verdict for defendant, because evidence showed that plaintiff was arrested because of his assault on defendant's agent, *held* without merit, in view of defendant's answer that plaintiff was arrested because of his interference with arrest of per-

⚛═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sons who had robbed mail pouches, and, moreover, rule invoked does not apply where there are conflicting instructions, some of which jury appeared to have followed.

**21. False imprisonment ☞36—$8,000 damages held not excessive.**

Verdict of $8,000 in action against railway company for false imprisonment through its agents *held* not excessive, in view of grievous wrongs done to plaintiff, involving apparently wanton disregard of his rights, with humiliation incident to his repeated exposure in public places and on trains en route to and from those places.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Action for unlawful detention by Maynard Beaty against the Southern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

These charges were given for plaintiff:

(1) If the jury find for the plaintiff, it is your duty to assess such damages as will compensate him for such wrongs which the evidence proves he suffered and which are complained of in his complaint, which includes humiliation and shame and mental suffering, if you find he so suffered; and if you find from the evidence that plaintiff's rights and liberties were invaded in a wanton and reckless manner by the defendant's authorized agents, you are authorized to also assess in your verdict punitive damages, but your verdict should not exceed the sum of $25,000, claimed in the complaint.

(4) In order for the defendant to be liable, it is not necessary that it directed the act, but if its agents were acting in the scope of their authority, and for purposes of the defendant, or if the defendant ratified the action of its agents, then the defendant might be liable, although its agents acted through personal malice.

Charge 5, refused to defendant, is as follows:

(5) If you believe from the evidence that the employees of defendant acted or said what they did from a motive or purpose of their own, you cannot return a verdict against the defendant.

A. H. Carmichael, of Tuscumbia, S. A. Lynne, of Decatur, and Stokely, Scrivner, Dominick & Smith and Andrew J. Thomas, all of Birmingham, for appellant.

Where a party is arrested by a police officer, the presumption is that he was acting in his official capacity. Foster v. Grand Rapids R. Co. 140 Mich. 689, 104 N. W. 380; Houston v. M., St. P. & S. S. M., 25 N. D. 469, 141 N. W. 994, 46 L. R. A. (N. S.) 589, Ann. Cas. 1915C, 529. The master cannot be held responsible for unauthorized acts of his agent on the theory of ratification, unless it is shown the master had knowledge of all the facts. Clark v. Taylor & Co., 68 Ala. 453; Howe Mach. Co. v. Ashley, 60 Ala. 496; M. & M. Ry. v. Jay, 65 Ala. 113; Patterson v. Neal, 135 Ala. 477, 33 So. 39; Rhodes v. Downing, 13 Ala. App. 494, 68 So. 788; Baker v. Clark, 14 Ala. App. 152, 68 So. 593. The doctrine of apparent authority can be invoked only when one has been misled to his detriment by the appearance of authority in the agent with whom he deals. Patterson v. Neal, 135 Ala. 477, 33 So. 39; Doran & Co. v. Gilreath, 196 Ala. 377, 72 So. 94; Roberts v. Williams, 198 Ala. 290, 73 So. 502; Lysle Mlng. Co. v. N. A. Gro. Co., 201 Ala. 222, 77 So. 748. The verdict of a jury which is in conflict with the charge of the court should be set aside on motion. Penticost v. Massey, 202 Ala. 681, 81 So. 637; Talley v. Whitlock, 199 Ala. 28, 73 So. 976.

W. W. Callahan and A. J. Harris, both of Decatur, for appellee.

The complaint sufficiently shows liability on the part of defendant. Buttrey v. Wilhite, 208 Ala. 573, 94 So. 585; Jones v. Strickland, 201 Ala. 140, 77 So. 562; Clinton Min. Co. v. Bradford, 200 Ala. 308, 76 So. 74; Epperson v. Bank, 209 Ala. 12, 95 So. 343; Sou. Ry. v. Wildman, 119 Ala. 565, 24 So. 764; Shope v. Ala. F. & I. Co., 195 Ala. 312, 70 So. 279; Hardeman v. Williams, 169 Ala. 57, 53 So. 794; Steele v. May, etc., 135 Ala. 487, 33 So. 30; Birmingham Ledger v. Buchanan, 10 Ala. App. 527, 65 So. 667. The agents of defendant were acting within the scope of their employment in detaining the plaintiff. Mechem on Agency, § 311; Church v. Hadley, 240 Mo. 680, 145 S. W. 8, 39 L. R. A. (N. S.) 248; Buttrey v. Wilhite, supra; Shope v. Ala. F. & I. Co., supra; Standard O. Co. v. Davis, 208 Ala. 565, 94 So. 754; Robinson v. Greene, 148 Ala. 434, 43 So. 797. The question of ratification was to be inferred from the evidence by the jury. Hotel Tutwiler v. Evans, 208 Ala. 252, 94 So. 120; Monarch Livery Co. v. Luck, 184 Ala. 518, 63 So. 656; Home Tel. Co. v. Robertson, 167 Ala. 179, 52 So. 655; Miller-Brent L. Co. v. Stewart, 166 Ala. 657, 51 So. 943, 21 Ann. Cas. 1149; S. & N. A. v. Henlein, 52 Ala. 606, 23 Am. Rep. 578; Ill. Cent. v. Johnston, 205 Ala. 8, 87 So. 866; Freeman v. So. L. & H. Co., 210 Ala. 459, 98 So. 461; Ætna Co. v. Schaeffer, 209 Ala. 77, 95 So. 351. One may be the responsible instigator of an arrest, without expressly committing or directing it. Sou. Exp. Co. v. Couch, 133 Ala. 285, 32 So. 167; Oates v. Bullock, 136 Ala. 537, 33 So. 835, 96 Am. St. Rep. 38. The verdict was not excessive. Nat. Sur. Co. v. Mabry, 139 Ala. 217, 35 So. 698; W. U. Tel. Co. v. Seed, 115 Ala. 670, 22 So. 474; B. R., L. & P. Co. v. Coleman, 181 Ala. 478, 61 So. 890; 4 Sutherland on Damages (3d Ed.) § 1256. Charges given for plaintiff were without error. Steele v. May,

etc., supra; Dancy v. Baker, 209 Ala. 684, 96 So. 920.

SOMERVILLE, J. The gist of the complaint—counts 4 and 5—is found in the allegation that—

"Defendant, by and through its agents or servants, to wit, one Parsons and one Wyrick, who were acting in the line of duty or scope of their authority as such agents, imprisoned plaintiff without legal warrant."

[1] This sufficiently charges the principal, this defendant, with legal responsibility for the unlawful detention. Jones v. Strickland, 201 Ala. 138, 77 So. 562; Buttrey v. Wilhite, 208 Ala. 573, 94 So. 585. Moreover, the issue was clearly defined on the trial by specific instructions given to the jury by the trial judge.

The record exhibits 171 assignments of error, most of which relate to rulings on the evidence. But the two decisive questions in the case are: (1) Was the alleged wrong committed by defendant's agents, Parsons and Wyrick, within the scope of their authority, express or implied, or was it done in the line of their duty in the service of the defendant; and (2) if the act complained of was not within the scope of their authority, and not done within the line of their duty, was it nevertheless ratified by the defendant after it was done, or while in process of being done?

[2] In aspects that are of material importance, the testimony is without dispute. The men who arrested and detained the plaintiff were in the regular service of the defendant railroad company. Wyrick was known as captain of police, and Parsons as sergeant of police; but it nowhere appears that they were regularly commissioned with the authority of regular policemen. They were expressly "charged with the duty of protecting the property of the Southern Railway Company, and all property in its possession, and with the duty of handling doubtful claims made against defendant." Impliedly, of course, they were authorized to do all lawful acts reasonably necessary and appropriate to the performance of their designated duties. La Fayette R. R. Co. v. Tucker, 124 Ala. 514, 27 So. 447; Robinson v. Greene, 148 Ala. 434, 43 So. 797; Gambill v. Fuqua, 148 Ala. 448, 42 So. 735; Mechem on Agency, § 311. As is sometimes said, where there is no express authority for an agent to do the act in question, the authority "may be implied from his relation to the principal, the nature of his employment, and the mode in which he is permitted to act or conduct the business." 25 Corp. Jur. 500, § 74; McKain v. B. & O. R. R. Co., 65 W. Va. 233, 64 S. E. 18, 23 L. R. A. (N. S.) 289, 131 Am. St. Rep. 964.

[3] From the nature of the expressly designated duties of Parsons and Wyrick, and from the circumstances alone of the plaintiff's arrest and detention by Parsons, the conclusion would be clear enough that Parsons' act in arresting plaintiff was not within the scope of his authority, nor in the line or course of his employment. The duty to guard and protect property may very well imply the authority to arrest and detain any person who in the judgment of the agent is found unlawfully interfering with it. But—

"There is a marked distinction between an act done for the purpose of protecting the property by preventing a felony, or of recovering it back, and an act done for the purpose of punishing the offender for that which has already been done. There is no implied authority in a person having the custody of property to take such steps as he sees fit to punish a person who, he supposes has done something with reference to the property which he has not done. The act of punishing the offender is not anything done with reference to the property; it is done merely for the purpose of vindicating justice." Allen v. London, etc., R. Co., L. R. 6, Q. B. 65, quoted with approval in McKain v. B. & O. R. R. Co., 65 W. Va. 233, 64 S. E. 18, 23 L. R. A. (N. S.) 289, 294.

This, we think, is a sound rule applicable to ordinary relations and conditions. See, also, Hardeman v. Williams, 150 Ala. 415, 43 So. 726, 10 L. R. A. (N. S.) 653; Palos Coal Co. v. Benson, 145 Ala. 664, 39 So. 727; Wells v. Henderson, etc., Co., 200 Ala. 262, 76 So. 28, L. R. A. 1918A, 115; Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 So. 328, L. R. A. 1915F, 516.

[4] But Parsons was one of defendant's police officers—a part of an apparently extensive system designated as the "Police Department of the Southern Railway," headed by a general superintendent, with divisions headed by captains in control of policemen who are assigned to local duties. Evidently, Parsons promptly reported to his superior, Wyrick, his arrest of plaintiff; and the evidence shows that Wyrick in turn reported that arrest to his superior, Conley, the superintendent of the entire police department, as it was his duty to do. In its answer to plaintiff's statutory interrogatories, defendant stated that the officers to whom Wyrick reported the arrest took no action thereon. This, we think, is the equivalent of saying—at least it is a reasonable inference—that the matter of handling plaintiff's case was left in the hands of Wyrick, and is some evidence either of Wyrick's original authority to arrest and detain plaintiff under such circumstances, or of a ratification thereof by the responsible head of the police department, who was, quoad hoc, the alter ego of defendant.

Some confirmation of this view may be found in the fact that while Wyrick and Parsons were holding plaintiff in their custody at Huntsville, Wyrick was getting ad-

vice from some undisclosed authority, by long-distance 'phone as to the proper charge to make against him to the United States commissioner; and also in the fact, unexplained, that a written release of the defendant and those two officers—executed by plaintiff in consideration of the abandonment of proceedings against him, and originally delivered to Wyrick—was found, before the time of the trial, in the hands of defendant.

[5] Appellant invokes the principle, sanctioned by some of the authorities, that where the agent "may act in either one of two capacities, as a policeman for the state, or as a servant for the master, the presumption would be that he acted in the former capacity." Houston v. Minneapolis, etc., Ry. Co., 25 N. D. 469, 141 N. W. 994, 46 L. R. A. (N. S.) 589, Ann. Cas. 1915C, 529; Jardine v. Cornell, 50 N. J. Law, 485, 14 A. 590. But, as we have already stated, there is nothing to show that Parsons and Wyrick were public officers, and the presumption invoked, whatever it might be worth, is therefore not available.

[6] The record exhibits 101 assignments of error based upon rulings on the evidence. The only argument advanced in support of these assignments—excepting 70; 75, 136, and 145—is that the acts and declarations of Parsons and Wyrick were not within the scope of their employment, a contention which we have held invalid. As to the other four assignments, the only contention is that the testimony admitted was but the conclusion of the witness. The record, however, fails to show that that objection was interposed as to any of the questions covered by those assignments. All of these assignments must therefore be overruled.

[7] Charge numbered 1, given for plaintiff, is subjected to several criticisms which we think are hypercritical and without substantial merit: (1) It authorizes a recovery by plaintiff "for such wrongs which the evidence proves he suffered, and which are complained of in his complaint." This charge was not intended to cover the principle of proximate cause, which was clearly stated in other instructions; but it does in fact restrict recovery to wrongs complained of in the complaint, and those complained of are alleged to have been suffered by reason of the acts and conduct of defendant's agents. (2) A recovery for such wrongs as the evidence proves plaintiff suffered is certainly a stricter requirement than that the law imposes. (3) A proper grammatical construction of the charge does not support the contention that it assumes as a fact that plaintiff suffered humiliation and shame. The sequence of clauses, though awkward, was, at the worst, ambiguous only, and could have been made clear by an explanatory charge had defendant requested it.

[8] It is complained of charge numbered 4, given for plaintiff, that it permits a recovery "if the defendant ratified the action of its agents," though they were not acting within the scope of their authority or employment. The suggestion is that there is an entire absence of evidence tending to show that the defendant, or any one authorized to bind the defendant, was informed of the circumstances leading to the arrest, or that they did anything whatsoever tending to ratify it.

This contention overlooks the principle declared in Hall, etc., Co. v. Haley, etc., Co., 174 Ala. 190, 202, 56 So. 726, 730 (L. R. A. 1918B, 924), viz.:

"It is the duty of an agent to inform his principal of every material fact within his knowledge, no matter when acquired, bearing upon the subject-matter of his agency, which may affect the interests of his principal with respect thereto; and it will be presumed [prima facie] that he has discharged this duty."

When Wyrick reported to his chief, Conley, the fact of plaintiff's arrest as an item of railroad police business, it must be presumed that he reported also the material facts leading up to and accompanying the arrest and ensuing detention. And if, with knowledge of those facts, the superintendent of the police department of the railroad company took no action—that is, gave no instructions to Wyrick—it is at least a fair inference that he left the case in Wyrick's hands to be dealt with as his judgment dictated. For these reasons we think the issue of ratification vel non of the arrest, and authorization vel non of the subsequent detention of plaintiff, were questions of fact for the jury.

This does not deny the principle that—

"Mere knowledge, on the part of the principal, of an agent's unauthorized action, will not make silence, or noninterference, in all cases amount to ratification." M. & M. Ry. Co. v. Jay, 65 Ala. 113.

In the instant case we have a much broader groundwork than the mere knowledge of the principal.

[9] But even had there been no evidence to support the theory of ratification of the arrest, the instruction would have been abstract only, and not a ground for reversal.

[10] Answering one of defendant's contentions, it may be here observed that, in actions to enforce liability upon the principle of respondeat superior, a recovery may be had as well for a ratified act as for one done within the scope of authority or course of employment, without specially declaring on the former status.

[11] In the oral instruction of the jury the trial judge said:

"Speaking broadly, the act of the agent is within the course of his employment when the agent in performing it is endeavoring to promote his principal's business within the scope of the actual or apparent authority conferred

upon him for that purpose, and 'apparent authority' being that which though not actually granted, the principal knowingly permits the agent to exercise, or which he holds him out as possessing."

There is some confusion in this phraseology—the reference to "apparent authority" being inapt for the issues of fact before the court.

[12] If the principal permits an agent to exercise particular authority, or holds him out as having such authority, it is, of course, some evidence, by way of admission, that he actually has it; and if a third person has been misled to his prejudice by the principal's conduct in that behalf, the principal is estopped to deny the existence of such authority. Doran v. Gilreath, 196 Ala. 377, 72 So. 94. The trial judge clearly did not intend any such application of his language. It will be observed that it defines, not "scope of authority," but "course of employment," and the instruction could not have been prejudicial to defendant, since the act of the agent in promoting his principal's business, whether within the scope of his actual authority, or of an "apparent authority"— meaning a permitted or proclaimed authority—would impose liability on the principal. Certainly, taken in connection with the other relevant portions of the oral and given charges, the jury could not have been misled.

Charge 1 given for plaintiff authorized a recovery of punitive damages if the jury found that "plaintiff's rights and liberties were invaded in a wanton and reckless manner by the defendant's authorized agents." Defendant's criticism of this charge is that it permits a recovery even though such agents were not acting within the range of their employment; and that it improperly holds the principal accountable for the malice of his agents.

[13] The word "authorized" imports such authority in the agent as would impose liability on the principal, and covers everything done by the agent within the scope of his employment, and in the course thereof, Steele v. May, 135 Ala. 483, 488, 33 So. 30.

[14] In support of the second objection, counsel cite Pollock v. Gantt, 69 Ala. 373, 44 Am. Rep. 519, and Kirksey v. Jones, 7 Ala. 623. Those cases, and numerous others (see Jackson v. Smith, 75 Ala. 97; Bell v. Seals, etc., Co., 201 Ala. 428, 78 So. 806), hold that when an agent is authorized to sue out a writ of attachment, and does so wrongfully, the principal is liable for actual damages, but is not liable for punitive damages based on the malice of the agent not shared in by the principal. But that principal is limited to that class of cases; that is, cases founded upon the unlawful suing out of a writ of attachment. As thus recognized, it seems to be a limited survival of a once general rule, based on the English case of McManus v. Crickett, 1 East, 106. See Gilliam

v. S. & N. A. R. R. Co., 70 Ala. 268; 2 Corp. Jur. 854, § 537, where it is said:

"It was the rule formerly that wanton and malicious acts of an agent imposed no liability on the principal unless done under the direction or with the assent of the principal [citing a number of cases]. The weight of recent authority, however, disregards the intent of the agent in committing the tort, and holds that the principal is as liable for torts prompted by wantonness, willfulness, or malice as for other torts, if they are committed in the course of the agent's employment."

The modern rule is illustrated by innumerable cases in our reports.

[15] The trial judge instructed the jury that "an arrest by a policeman under Parsons' direction would in law be an arrest made by Parsons." There was no error in this. It is not in conflict with the principle laid down in Rich v. McInerny, 103 Ala. 357, 15 So. 663, 49 Am. St. Rep. 32, and Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754, that—

"If the officer acts solely upon his own judgment and initiative, the defendant would not be responsible even though he had directed or requested such action."

Very clearly, if this policeman arrested plaintiff "under Parsons' direction," he did not arrest him solely upon his own judgment and initiative. Indeed, the evidence shows that the arrest was made solely because of and under Parsons' direction.

[16] The complaint does not allege that Parsons and Wyrick, or either of them, arrested plaintiff, but only that they imprisoned him without warrant; hence there can be no question of variance based on the mode of the arrest—whether by Parsons personally, or by an officer under his direction. In either event, Parsons was in law the actor.

[17] Defendant's refused charge numbered 5 is clearly bad by reason of its generality, and the vagueness of its application. Moreover, it ignores the issue of defendant's approval of the imprisonment of plaintiff after his arrest. We note, also, that the principle sought to be invoked was fully covered by given charges 54, 55, and 56.

[18] Several charges were refused to defendant which required plaintiff to prove or to establish his case by a "preponderance of the evidence." This is not a correct statement of the measure of proof, which would be "to the reasonable satisfaction of the jury." Oliver v. Oliver, 187 Ala. 340, 65 So. 373; McBride v. Sullivan, 155 Ala. 166, 45 So. 902; Pullman, etc., Co. v. Adams, 120 Ala. 581, 24 So. 921, 45 L. R. A. 767, 74 Am. St. Rep. 53; 6 Mich. Dig. p. 538. The jury were correctly instructed as to the burden and measure of proof, and defendant has no ground for complaint as to that.

[19] Refused charges 44, 45, 50, and 51, were substantially covered by other charges given at defendant's request.

[20] It is contended that the giving of charges 54, 55, and 56—in substance, that the jury could not find for plaintiff if his arrest and imprisonment was solely because of his assault on Parsons; or solely for the purpose of punishing him for that assault; or solely because of resentment felt by Parsons and Wyrick and to satisfy their private grievance therefor—required a verdict for defendant because the evidence showed without dispute that plaintiff was arrested because of his assault upon Parsons; and hence a new trial should have been granted because the verdict was contrary to the instructions.

Counsel overlook the statement, found in defendant's answers to interrogatories, that plaintiff "was arrested because of his interference with the arrest of the two men that had robbed the mail pouches." Moreover, the rule invoked does not apply where there are conflicting instructions, some of which the jury appear to have followed.

[21] With respect to the amount of the verdict ($8,000), we are unable to pronounce it excessive, in view of the grievous wrongs done to plaintiff—involving an apparently wanton disregard of his rights, with the humiliation incident to his repeated exposure, handcuffed in public places in Decatur, and in Huntsville, and on the trains en route to and from those places. National Surety Co. v. Mabry, 139 Ala. 217, 35 So. 698. In that case a verdict for $7,500 was sustained as not excessive, for less weighty wrongs than these.

The bill of exceptions in this case, as to its structure and prolixity, is subject to much of the criticism visited upon it by counsel for appellee in their motion to strike it. We have preferred, however, to retain the bill, and dispose of the case on its merits and hence have overruled the motion to strike.

We have considered all of the questions argued by counsel in brief, and find no prejudicial error to warrant a reversal of the judgment.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.