(118 So. 596)

### FRED GRAY COTTON & GIN CO. v. Mc-CLELLAN. (8 Div. 596.)

Court of Appeals of Alabama. Nov. 8, 1928.

Fred Wall, of Athens, for appellant.

J. G. Rankin, of Athens, for appellee.

BRICKEN, P. J. Appellee, plaintiff below, brought this action against appellant, and claimed $300 for conversion of two bales of cotton. There was verdict and judgment for plaintiff, from which this appeal was taken.

Insistence of error is predicated upon one assignment only, and this involves the action of the court in refusing to defendant charge B. This charge in effect instructs the jury that plaintiff, who sues alone, cannot recover, if the jury believe from the evidence that the cotton alleged to have been converted was the property of a partnership, if the full legal title was not before the court. The trial judge indorsed on said charge his reason for its refusal, and stated that the evidence is uncontroverted that Smith had no interest in the cotton. The trial judge thus holding that said charge was abstract. It is apparent that as a legal proposition the charge was correct, and, if not abstract, should have been given. Smith was the supposed partner of plaintiff. Were there any tendencies in the evidence making the refusal of this charge reversible error? No independent evidence was offered showing a partnership between plaintiff and Smith. On cross-examination he frankly admitted that there was a partnership between himself and Smith during the time of at least one of the transactions, but not at the time of the first transaction, the loss of the bale counted on in count 1, and there is nothing in the record from which the jury could infer to the contrary. The plaintiff states most emphatically that both bales were his individual cotton. During the examination of this witness the court sensed the importance of this question, and itself asked several questions to make sure that no partnership existed as to the cotton sued for in the second count, though it appears that at this time plaintiff and Smith dealt in cotton as partners.

In an effort to show the existence of a partnership between plaintiff and Smith in the cotton sued for, defendant introduced in evidence plaintiff's answer to certain interrogatories propounded to plaintiff by de-

fendant. Touching this point, plaintiff there said:

"The two bales of cotton were not the property of R. A. Smith nor the property of Smith and McClellan. The first bale was delivered before plaintiff and said R. A. Smith had any agreement with reference to the cotton business. The last bale in question, the said R. A. Smith was compensated for, the plaintiff having paid him for it because he felt himself in honor bound to do so on account of the facts of the transaction."

The above statement cannot be relied upon as a basis for an inference by the jury of the existence of a partnership, especially in the face of a direct denial of such a partnership. What the "facts of the transaction" which impelled plaintiff to compensate Smith for the cotton in question were not inquired into, nor was the nature of the compensation made him. There is nothing in the record to show any interest in Smith in the first bale of cotton covered by count 1. The charge as framed applied to the complaint as a whole, and to each count thereof. We think the charge was properly refused. Southern Ry. Co. v. Beaty, 212 Ala. 608, 103 So. 658. Let the judgment appealed from stand affirmed.

Affirmed.