(121 So. 543)

## ALABAMA POWER CO. v. EDWARDS.
### (8 Div. 66.)

Supreme Court of Alabama. April 4, 1929.

Simpson & Simpson and L. A. May, all of Florence, for appellee.

Bradshaw & Barnett, of Florence, and Martin, Thompson, Turner & McWhorter, of Birmingham, for appellant.

SAYRE, J. Plaintiff (appellee) sued the power company for damages alleged to have been sustained by reason of the negligence of defendant while she was riding in one of its street cars as a passenger.

Each and every the amended counts of the complaint charge the injury complained of to the negligence of the defendant or its agents or employees acting in the line and scope of their authority. The criticism of this allegation is that it "was confused and

not a clean-cut charge against the servants or agents, but was also coupled with a charge against the defendant itself." The criticism, we apprehend, is too refined for practical·purposes. The counts, fairly construed, intend to charge plaintiff's injury to defendant by and through the negligence of its agent or employees operating the car at the time. The counts sufficiently state plaintiff's cause of action to enable defendant to prepare its defense, and, in case of a second suit, to plead a judgment thereon in bar of another recovery. Chapman v. Weaver, 19 Ala. 626; Kennedy v. McDiarmid, 157 Ala. 496, 47 So. 792, cited by defendant, presented a very different question. The other cases cited to this point, so far as relevant, do no more than assert the proposition that pleadings must be certain to a common intent. As for this objection, the demurrer was properly overruled. So, for that matter, of the other objections to the several counts. Against count 3, alleging several grounds of recovery in the alternative, it seems to be urged that some of the alternatives are bad for the reason that the negligence complained of must have occurred at times different from the time of the accident causing plaintiff's injury, as, for example, negligence "in the preparation of the switch," or "in failing to keep the said tracks in a proper state of repair." We think it a sufficient answer to this criticism of the count to say that plaintiff was complaining of the results of the negligence alleged, and for such results defendant was liable at whatever time the negligence causing them may have occurred. Nor was it a tenable ground of objection that the count charged negligence in the alternative; each alternative sufficiently charging a good cause of action and based upon the same injury.

Appellant's (defendant's) brief argues that defendant was due the general charge requested by it on the theory that negligence was charged against it as a legal entity and there was no proof to sustain it. The point is not well taken. Defendant was a corporation, as we infer. It could only act in the respect complained of by and through agents, and we have construed the complaint to charge negligence to defendant. There was evidence tending to sustain the charge.

■ Charges 12, 14, 16, 18, and 21 were refused on the ground, it seems, that they were misleading. We pronounce no opinion as to that, for the reason that the measure of proof as to the allegation of negligence and the necessity for the establishment of causal connection between the negligence alleged, if proved, and the injury from which plaintiff suffered were correctly and, as we think, adequately stated to the jury in the court's oral charge and in special charge 20 given on defendant's request.

■ There was evidence which would have justified a finding that plaintiff by reason of an injury suffered while a passenger on defendant's car had became liable to her physician for services rendered and the reasonable value of those services. This state of the evidence, or proof, if the evidence was accepted as such, would have authorized the assessment of damages on that account—this notwithstanding such services had neither been paid for nor "charged." The allegation of some of the counts is that plaintiff had incurred expense for medical and hospital services. There is no different allegation in the complaint. This must be taken to mean no more than that plaintiff had been made liable for such bills. Charges A and B were therefore refused without error—the first because it related to an issue not raised in the cause by pleading or evidence; the second because it sought to eliminate items of recovery as to which the evidence did warrant a recovery in agreement with the allegations of the complaint. We find nothing to the contrary in Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633.

■ Assignment of error 21 proceeds upon the assumption that the court overruled defendant's objection to the following question put to the plaintiff by her attorney: "The motorman of the car, the man operating the car, is that the statement he made?" The record shows no objection to the question. There was an objection "to the above testimony." A fair construction of the record at this point—fair to the trial judge—requires us to hold that the objection was to the testimony after it had been elicited, and that any tenable objection to it had been waived by defendant's failure to object to the question which fully disclosed the nature of the testimony sought to be thereby elicited; and so of the ruling made the subject·of assignment 33.

■ The court erred at·first in overruling defendant's objection to plaintiff's question to her witness Mrs. Hammond concerning a statement made by defendant's motorman after the accident (Alabama G. S. R. Co. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403: Southern Ry. v. Fricks, 196 Ala. 65, 71 So. 701), but this error was cured by the subsequent ruling which excluded the objectionable testimony. There can be no reversal on that account.

■ We are unable, with any satisfactory assurance of being able to rule as the facts of the case would require, to affirm error in the action of the court on defendant's objection to the argument of plaintiff's counsel to the jury. If the court's statement as to the facts on consideration of which defendant's objection was overruled be accepted, as of course it is, there was no error, the objectionable evidence, according to the statement, having been brought back into the case by defendant's cross-examination after the court had excluded it from the jury.

■ Speed is a matter about which any

one who has observed it in moving objects may give an opinion. "It has frequently been held that those who have habitually"—we prefer the word "frequently," Alabama G. S. R. Co. v. Molette, 207 Ala. 624, 93 So. 644—observed the passage of railroad trains or street cars may give an estimate of their rate of speed, and that testimony on this subject is not confined to experts. 3 Jones on Ev. (2d Ed.), where our cases of Davis v. Smitherman, 209 Ala. 244, 96 So. 208, Alabama G. S. R. Co. v. Molette, supra, Payne v. Roy, 206 Ala. 432, 90 So. 605, Louisville & N. R. Co. v. Stewart, 128 Ala. 313, 29 So. 562, Highland Ave. & B. R. Co. v. Sampson, 112 Ala. 425, 20 So. 566, and Alabama G. S. R. Co. v. Hall, 105 Ala. 599, 17 So. 176, are cited along with a cloud of cases from other jurisdictions. In several of them the rule is stated more liberally than in Jones, supra. Defendant raises this question in its brief, but cites no cases to the contrary.

To the question, "What was your mental condition?" plaintiff as witness answered, "I was pregnant." The answer was relevant, material, and competent, whatever may be said of the question. The question was repeated in this form: "What was your mental condition, your mind?" The witness answered: "Oh, my mind, I was scared." It may be that the question was not permissible under the decisions of this court, but we think the answer was. Long before our time, the rule, peculiar to this jurisdiction, was established that a witness might not be allowed to speak of his mental pain and anguish. Quite a number of the cases is collected in Western Union v. Cleveland, 169 Ala. 137, 53 So. 80, Ann. Cas. 1912B, 534, where a bare majority of the court held it for reversible error that the plaintiff was allowed to testify that he had suffered mental pain and anguish. And it has been frequently held here that a witness may not speak of his uncommunicated opinion, belief, purpose, or intent. To that rule there seems to be no valid objection. But we think a witness may say that he was hot, or sick, or had a pain—physical facts. The answer in this case evidenced a compound of physical and mental states. The reflex or involuntary physical manifestations of fear are well known. Judge Stone philosophized on the general subject in Carney v. State, 79 Ala. 14, and some of the cases are noticed in Fincher v. State, 211 Ala. 388, 100 So. 657. We see no controlling reason why the plaintiff should not have been allowed to say that she was "scared." Fright may bring on abortion, but a witness—plaintiff or other—may not testify to the causal connection between the two. That inference is for the jury. In this ruling there was no error to reverse.

The court did not err when it allowed plaintiff to show by her own testimony and that of her physician that prior to the abortion, which she claimed had resulted from the accident of which she complained, she had without unusual difficulty brought three normal children into the world. The expert testimony was that abortion is something of a habit; and perhaps that fact is a matter of common knowledge among the more intelligent people. But, whether so or not, Dr. Simpson was properly allowed to state his expert opinion on the subject (assignment 37). The relevancy of this testimony is obvious.

Plaintiff was allowed to show by the testimony of one of her expert medical advisers, with whom she consulted when the pains of her miscarriage came on, that she said she had been hurt while riding in a street car. Declarations made by the patient to her physician examining and treating her as to the cause of her suffering at the time of the abortion were competent. Western, etc., Co. v. Bean, 163 Ala. 255, 50 So. 1012. Moreover, defendant's objection was merely general to the effect that the question was "illegal, irrelevant and immaterial." The circumstances were such as to give verisimilitude to the statement of the patient. The court was not bound to cast about for the real grounds of the objection, if any. Adams v. Southern Ry. Co., 166 Ala. 449, 51 So. 987. The court had authority to reject a merely general and indefinite objection to the testimony offered. Clark v. State, 217 Ala. 229, 115 So. 295.

Statements alleged to have been made by plaintiff to nonexperts and going to show that she suffered pain were admitted without error. Western Steel, etc., Co. v. Bean, supra.

Assignments of error numbered 43, 48, 49, and 50 cannot be sustained. Natural expressions or indications of pain or suffering may be shown. Authority last above.

The general charge against the count charging wantonness, or wanton negligence, as the count stated it, was properly refused. There was evidence of excessive and unusual speed—its probative force and effect was a matter for jury decision. Great speed in a street car may suffice to show wanton conduct on the part of those operating it, especially so when the car is approaching a switch as was the case here.

There is no error to reverse.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.