(124 So. 512)

## CALDWELL v. STANDARD OIL CO.
### (3 Div. 895.)

Supreme Court of Alabama. Oct. 24, 1929.

Rehearing Denied Nov. 29, 1929.

228

C. H. Roquemore, of Montgomery, for appellant.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

FOSTER, J. The suit is for malicious prosecution and false imprisonment.

The evidence tends to show that a filling station belonging to appellee had been robbed, and money had been taken from the cash register. There were in the station at the time the manager of it, Mr. Jones, and a negro helper, Frank McNeal. Plaintiff was arrested by officers at the suggestion of Jones and McNeal, and carried to the filling station of defendant, and the evidence tends to show that Jones, while on his job, and because he was otherwise engaged, directed McNeal to swear out a warrant for his arrest. Plaintiff was kept in jail until his preliminary trial, when he was discharged, and no further criminal proceedings were had. He testified that he had been a student at Birmingham-Southern College, recently employed by Dixie Construction Company, and in the summer months worked at the Birmingham Y. M. C. A., and was on his way for enlistment in the air service when he was arrested.

The discharge of plaintiff on preliminary trial before the committing magistrate is prima facie evidence of a want of probable cause of his guilt of the charge, and a circumstance from which malice may be inferred by the jury. Stouts Mt. Coal Co. v. Grubb, 217 Ala. 274, 116 So. 156; Hanchey v. Brunson, 175 Ala. 236, 56 So. 971, Ann. Cas. 1914C, 804; Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794. Malice in such an action is not necessarily ill will. But in this connection it is defined as follows: "Whatever is done wilfully and purposely, whether the motive be to injure the accused, to gain some advantage to the prosecutor, or through mere wantonness or carelessness, * * * in legal contemplation maliciously done." Lunsford v. Dietrich, 93 Ala. 565, 9 So. 308, 310, 30 Am. St. Rep. 79; Parisan Co. v. Williams, 203 Ala. 378, 83 So. 122; Gulsby v. L. & N. R. R. Co., 167 Ala. 122, 52 So. 392.

The evidence to which reference has been made is sufficient on the authorities cited prima facie to sustain the burden on plaintiff to prove a want of probable cause, malice, and judicial investigation and discharge of plaintiff, as elements of malicious prosecution.

To the count for false imprisonment the rule is applicable that, when an officer arrests a person as a result of instructions from another, such arrest is in law effected by him who gave the instruction. So. Ry. Co. v. Beaty, 212 Ala. 608, 103 So. 658; 25 Corpus

Juris, 469; Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754.

■■ The fact, therefore, that the officer when he arrested plaintiff without a warrant had "reasonable cause to believe" (§ 3263, Code) that plaintiff was guilty of a felony, by reason of the statements of McNeal, under the direction or authority of Jones, would not justify the latter, unless they also had "reasonable cause to believe." This term in the law of false imprisonment is of like import to "probable cause" in the law of malicious prosecution. Union Indemnity Co. v. Webster, supra. So that, upon the same process of reasoning, the discharge of plaintiff in the criminal case on preliminary trial is prima facie evidence of the fact that McNeal and Jones were without "reasonable cause to believe" that he had committed a felony, and therefore the arrest of plaintiff by the officers without a warrant upon the instruction of Jones and McNeal was shown prima facie to be a false imprisonment by the latter. There was upon the whole evidence a jury question on that issue.

The only remaining question is whether the evidence is sufficient to justify an inference that the arrest and prosecution were begun or continued by an agent of defendant with legal authority or were ratified by defendant. The following principles in this connection are very well settled and have application to the facts of this case:

■ Where there is no express authority for an agent to do the act in question, authority may be implied from his relation to the principal, the nature of his employment, the mode in which he is permitted to act or conduct the business. So. Ry. Co. v. Beaty, supra; 25 Corpus Juris 502.

■■ If the unauthorized act is ratified, its effect upon the principal is as binding as though it had been authorized. So. Ry. Co. v. Beaty, supra; Hall & Co. v. Haley, 174 Ala. 190, 56 So 726, L. R. A. 1916B, 924; Cent. Iron & Coal Co. v. Wright, 212 Ala. 130, 101 So. 824. It will be presumed, unless the contrary appears, that an agent informed his principal of every material fact within his knowledge bearing upon the subject-matter of his agency, if it is shown that he made any report of the occurrence. Hall & Co. v. Haley, supra; So. Ry. Co. v. Beaty, supra.

■ It is not necessary to show a corporate act by defendant in respect to either aspect of this case. While false imprisonment is a trespass, the wrong in one of the false imprisonment counts is charged to defendant's agents acting in the line and scope of their authority. Such count is in *case* against defendant on the doctrine of respondeat superior, though it would be in *trespass* if against its agents. The agents are not parties to this suit. Cent. Iron & Coal Co. v. Wright, 212 Ala. 130, 101 So. 824; Epperson v. First Nat. Bank, 209 Ala. 12, 95 So. 343; City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Ala. Co. v. Norwood, 211 Ala. 385, 100 So. 479. Malicious prosecution is essentially an action in case, and no corporate act need be proved. Ala. Co. v. Norwood, supra.

For obvious reasons it is not appropriate to discuss the evidence in the record as bearing upon its sufficiency to justify an inference of implied authority for or ratification of the arrest and prosecution of appellant, but we wish to say that the evidence has been read in consultation, and we entertain the opinion that the question should have been submitted to the jury.

It results that the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.