(127 So. 263)

## ALAND v. HALL.
### 6 Div. 589.

Court of Appeals of Alabama.
March 25, 1930.

London, Yancey & Brower, of Birmingham, for appellant.

Arlie Barber, of Birmingham, for appellee.

**SAMFORD, J.**

The plaintiff is Mrs. Mary Hall. The defendant, who is conducting a mercantile business in Birmingham under the trade-name of Ideal Millinery, Cloak & Suit Store, held a claim for merchandise against Miss Mary Hall. This claim being past-due, it was by defendant placed in the hands of Merchants' Credit Association, a collecting agency for collection. This agency turned it over to George H. Burson, one of their regular attorneys, who instituted suit in the municipal court of Birmingham against Mary Hall, and summons was issued returnable to said court and served on Mrs. Mary Hall, this plaintiff, who was at the time in the service and employ of Southern Bell Telephone Company. Upon receipt of the summons the plaintiff called on defendant at his store and told him that she was not the party who was indebted. Defendant upon seeing plaintiff immediately called the agency and informed it that the wrong party was being sued and instructed that suit against plaintiff be dismissed at his costs, at the same time apologizing to plaintiff for the mistake. After this and without the knowledge of defendant, the collecting agency, through its attorney, took judgment by default against Mary Hall and procured a writ of garnishment directed to Southern Bell Telephone Company upon which the pay check of plaintiff was held up for three days. Plaintiff again went to defendant, who expressed surprise and immediately took steps to procure a release of the garnishment. Defendant dealt with the Merchants' Credit Association through Mr. Jackson, its manager, and never knew or had any dealings with Burson and did not know he was acting in the matter for the agency or for defendant.

In order for plaintiff to maintain this action, there must be alleged and proven to the reasonable satisfaction of the jury "malice and want of probable cause." Allison-Russell, etc., Co. v. Sommers, 219 Ala. 33, 121 So. 42.

Malice is an inferable fact to be drawn by the jury from all the facts and circumstances surrounding the transaction, unless such facts and circumstances rebut the inference. Where the uncontradicted evidence warrants no reasonable inference that the garnishment was sued out by the defendant maliciously, there can be no recovery. In the instant case the defendant had no knowledge that the garnishment was being sued out; no reason to expect it to be done after notice to the collection agency to dismiss the suit. This case is so similar to the case of Allison-Russell-Withington Co. v. Sommers, supra, that we may as well go no further with the discussion, resting our decision here on the opinion in that case.

The defendant was entitled to the general charge as requested, and for the error in refusing this charge the judgment is reversed, and the cause is remanded.

Reversed and remanded.