(133 So. 693)

### COLLUM MOTOR CO. v. ANDERSON.

6 Div. 840.

Supreme Court of Alabama.

March 5, 1931.

Rehearing Denied April 23, 1931.

644

Mullins, Pointer & Deramus, of Birmingham, for appellant.

Crampton Harris, Harold M. Cook, and J. B. Ivey, all of Birmingham, for appellee.

FOSTER, J.

In suits for the malicious prosecution of a garnishment, this court has recently referred to an old principle settled in Alabama, that defendant is not responsible for the malice of its agent on the doctrine of respondeat superior, and that malice on the part of defendant is necessary. Allison-Russell-Withington Co. v. Sommers, 219 Ala. 33, 121 So. 42.

Count 1 of the complaint alleges that defendant, its servants, agents, or employees, etc., wrongfully, maliciously, and without probable cause, etc., and in count 2, it is further alleged that the act of the servant, agent, or employee was participated in by the general manager of defendant, and in count 3 that such act was ratified by defendant, in that its general manager, with actual malice toward plaintiff, failed to dismiss the garnishment after he learned of it, and the facts concerning it, but continued the prosecution of the suit to a judgment which was rendered in favor of this appellee.

Though participation by defendant in the malicious act of its agent is necessary, such act has been held to be effectively charged to defendant when the allegation is that it was done by defendant, by and through its agent, etc. (City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Bessemer C., I. & Land Co. v. Doak, 152 Ala. 166, 172, 44 So. 627, 12 L. R. A. (N. S.) 389; Ex parte Louisville & N. R. R. Co., 203 Ala. 328, 83 So. 52; Southern Ry. v. Beaty, 212 Ala. 608, 103 So. 658), and that to charge an act done by "defendant or its servants, agents or employees," etc., is the legal equivalent of a charge by "defendant by and through its servants, agents or employees," etc. Alabama Power Co. v. Edwards, 219 Ala. 162, 121 So. 543. When there is such an allegation of a willful or malicious act, it is necessary to prove participation or ratification by defendant (City Delivery Co. v. Henry, supra; Ex parte Central I. & C. Co., 212 Ala. 130, 101 So. 824); though, when such an allegation is of a negligent act, defendant's participation is not necessary (Goodgame v. L. & N. R. R. Co., 218 Ala. 507, 119 So. 218; Alabama Power Co. v. Edwards, supra). But an allegation that an act was done by defendant's servants, agents, or employees, etc., does not show a participation by defendant, but rests alone on the doctrine of respondeat superior. Epperson v. First Nat. Bank, 209 Ala. 12, 95 So. 343.

Count 1 therefore, in effect charges participation by defendant without the added allegations to that effect, as contained in count 2. By such added allegations, the participation by defendant is more definitely alleged.

Count 3 has added allegations of ratification. But, when a count charges that an act was done by defendant, it may be sustained by proof of ratification. Ex parte Central I. & C. Co., 212 Ala. 130, 101 So. 824; Southern R. Co. v. Beaty, 212 Ala. 608, 103 So. 658.

The allegation of ratification therefore had the effect merely to base the claim upon that aspect of plaintiff's contention. By reason of such averments, neither count is rendered uncertain or confusing to a defective extent. Alabama Power Co. v. Edwards, supra.

The Merchants' Credit Association was not the servant, agent, or employee, but an independent contractor, of defendant, for whose acts, as charged in this case, defendant was not responsible on the doctrine of respondeat superior. Lynch Jewelry Co. v. Bass, 220 Ala. 96, 124 So. 222. Moreover, its liability in this form of action cannot under any circumstances be rested on such doctrine of respondeat superior, but defendant must participate in the wrongful and malicious act, or ratify it with full knowledge, as we have shown.

In the cases of Allison-Russell-Withington Co. v. Sommers, supra, and Aland v. Hall, 23 Ala. App. 478, 127 So. 263, defendant took prompt steps to dismiss or discontinue the proceeding as soon as it discovered the error. It was not chargeable with the malice of the attorney of the association in beginning the proceeding, and, having shown a want of malice in its continued prosecution, it was held not responsible in this form of action. But a different situation exists when defendant's general manager, who is defendant in legal effect (Modern Order of Prætorians v. Childs, 214 Ala. 403, 108 So. 23), being fully apprised of the error and wrong, continues to prosecute the suit resulting in a judgment in favor of defendant in that proceeding.

There was no error, therefore, in leaving the question to the jury based upon such evidence. Southern R. Co. v. Beaty, supra; Ex parte Central, I. & C. Co., 212 Ala. 130, 101 So. 824; Caldwell v. Standard Oil Co., 220 Ala. 227, 124 So. 512.

The clerk of the court in which the garnishment was filed testified that he was the custodian of the papers in that court. It was an inferior court which kept no final record. He testified that he had made diligent search of the court files and the bundles where they were kept for the papers in the case and could not find them; whereupon the court permitted the introduction of a copy of the bond and affidavit in garnishment upon due proof that it was such. This was without error upon the well-known rules of evidence.

The witnesses referred to the disposition of the garnishment without objection that it was secondary evidence. Complaint cannot now be made that there was no evidence of this fact.

We have examined all the assignments of error in connection with the briefs, and find none of them sufficient to reverse the judgment.

We think, however, that the verdict was excessive to the extent that the jury must have been actuated by some passion or prejudice or other improper controlling sentiment, and that the damages should not have exceeded $500. By authority of section 6150, Code, appellant may remit the excess by instrument filed in this court within thirty days, whereupon the judgment shall be affirmed; but, if the remittitur is not filed within that period, the judgment shall be reversed, and the cause remanded.

Affirmed conditionally.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.